UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James L. Washington,<br><br>    Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>    Respondents | 2:16-cv-02112-JAD-NJK<br><br>**Order Reopening Case, Granting Application to Proceed *in forma pauperis*, Denying Motion for Appointment of Counsel, and Setting Briefing Schedule**<br><br>[ECF Nos. 4, 6, 7] |

    On October 5, 2016, I dismissed this case without prejudice because § 2254 petitioner James L. Washington failed to submit a completed application to proceed *in forma pauperis* or pay the filing fee to commence this action.[1]  Three months later, Washington submitted a properly completed IFP application and supporting documents that show that he is unable to pay the filing fee.  In the interests of judicial economy, I vacate my dismissal order, reopen this case, and grant Washington's application to proceed *in forma pauperis*.  And having screened Washington's petition under Habeas Rule 4, I find that it warrants service on respondents.

    Washington is cautioned that a habeas petition should include all claims for relief of which he is aware.  If he fails to include such a claim, he may be forever barred from seeking federal habeas relief on that claim.[2]  If Washington is aware of any claim not included in his petition, he should notify the court of that as soon as possible and move to amend his petition to add the claim.

    Washington has also filed a motion for appointment of counsel.[3]  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding,[4] but the district court may appoint

---

[1] ECF No. 4.

[2] *See* 28 U.S.C. §2254(b) (successive petitions).

[3] ECF No. 7.

[4] *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

counsel if the "interests of justice" require representation.[5] The court must appoint counsel only if the complexities of the case are such that denial of counsel would amount to a denial of due process or the petitioner is incapable of fairly presenting his claims.[6] Washington's petition fairly presents his claims, and the issues that he wishes to bring in this action are not particularly complex. I therefore find that appointment of counsel is not warranted, and I deny the motion.

Accordingly, IT IS HEREBY ORDERED that the dismissal order **[ECF No. 4] is VACATED.** The Clerk of Court is directed to REOPEN this case.

IT IS FURTHER ORDERED that Washington's application to proceed *in forma pauperis* **[ECF No. 6] is GRANTED.** The Clerk of Court is directed to FILE Washington's petition [ECF No. 6-1], add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents, and electronically SERVE the petition and a copy of this order on respondents.

IT IS FURTHER ORDERED that respondents must respond to Washington's petition by **May 22, 2017.** If respondents file an answer, Washington will have 60 days from receipt of the answer to file a reply. If respondents file a motion to dismiss, Washington will have 60 days from receipt of the motion to file a response, and respondents will then have 30 days to file a reply.

IT IS FURTHER ORDERED that any state-court record exhibits filed from this point forward must include a separate index of exhibits identifying each by number. The CM/ECF attachments must be identified by the number or numbers of the exhibits in the attachment. The hard copy of these exhibits must be forwarded to the staff attorneys in **Reno**.

IT IS FURTHER ORDERED that Washington's motion for appointment of counsel **[ECF No. 7] is DENIED.**

March 22, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] 18 U.S.C. §3006A(a)(2)(B).

[6] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).